UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Jane Taylor Corning,                                 Case Number 14-57330
                                                   Chapter 13
                                                   Honorable Mark A. Randon

       Debtor.

_____/

Jane Taylor Corning,

       Plaintiff,                                 Adversary Proceeding
                                                   Case No.: 14-05191
v.

First Merit Bank,

       Defendant.

_____/

Jane Taylor Corning,

       Plaintiff,                                 Adversary Proceeding
                                                   Case No.: 14-05192

v.

J.P. Morgan Chase & Co.,

       Defendant.

_____/

1

# OPINION REGARDING VALUE OF REAL PROPERTY

## I. INTRODUCTION

This is a Chapter 13 lien strip action. Jane Corning ("Debtor") has three mortgages on her primary residence ("the Property"). She filed this adversary proceeding to treat the second and third as unsecured debt in her reorganization plan ("the lien strips"). On the petition date, Debtor owed First Merit Bank $102,409.78 and $11,948.59 on the first and second mortgages, respectively; J.P. Morgan Chase & Co. ("Chase") was owed $49,593.75 on its third mortgage. First Merit and Chase oppose the lien strips.

The Court conducted a trial on June 9, 2015. Debtor testified. The Court also heard testimony and received competing appraisals from the parties' experts: Chase's appraiser values the property at $125,000.00.[1] Debtor's appraiser says it's worth only $98,000.00. This opinion states the Court's findings of fact and conclusions of law. Because the Court finds the Property's fair market value is between $105,848.00 and $112,500.00, only Chase's third mortgage is wholly unsecured and may be stripped.

## II. FACTS

The Property was built in 1926. It is a roughly 800 square feet, two bedroom one bath, ranch-style home located in Beverly Hills, Michigan. It has a basement, which is an uncommon feature in the neighborhood, but it does not have a garage.

Debtor testified that she has lived in the Property since 2003. The roof has minor

---

[1] First Merit did not do an appraisal. It relies on Chase's appraisal.

leaks, which have not been repaired, and the basement is prone to water back-ups following heavy rainfall in amounts of less than an inch to several inches of standing water.

Debtor's expert, Ms. Kanakis, is a certified real estate appraiser; she has been an appraiser for 23 years and owns her own appraisal company. She utilized the market value (or sales comparison) approach to determine the Property's fair market value. Utilizing three comparable sales, and making appropriate adjustments, Kanakis' opinion as to the Property's value was $98,000.00 as of April 11, 2014.

Chase's expert, Mr. Salvatore, is a state-licensed appraiser.[2] He, too, has his own appraisal company; he has been in the appraisal business since 1999. Utilizing seven comparables (five actual sales and two listings), and making appropriate adjustments, Salvatore's opinion as to the Property's value was $125,000.00 as of January 14, 2015.

**III. JURISDICTION**

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. §§157(b)(2)(K).

**IV. ANALYSIS**

Chapter 13 debtors are generally prohibited from modifying claims "secured only by a security interest in real property that is the debtor's primary residence." 11 U.S.C. §1322(b)(2). An exception to the anti-modification provision applies if there are two (or

---

[2]In Michigan, a Certified Appraiser is a higher certification level than a State Licensed Appraiser.

more) mortgages on the home, and the home is worth less than the amount owed on the first mortgage (or the first and second combined). In that case, the second (or third) mortgage can be "stripped" from the property and treated as an unsecured debt in the reorganization plan. *See Lane v. W. Interstate Bancorp* (*In re Lane*), 280 F.3d 663, 664 (6th Cir. 2002) ("[w]here a creditor holds a second mortgage on a homestead valued at less than the debtor's secured obligation to a first mortgagee, . . . the holder of the second mortgage has only an 'unsecured claim'").

Debtor argues that he can avoid First Merit and Chase's claimed security interests in the Property because neither the second nor third mortgage is an "allowed secured claim." 11 U.S.C. § 506(a)(1):

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Debtor must prove by a preponderance of the evidence that the Property was worth less than $102,409.79 on the petition date–to strip First Merritt's second mortgage–and less than $114,358.38 to strip Chase's third mortgage. *In re McKinney*, 501 B.R. 338, 339-40 (Bankr. E.D. Mich. 2013); *Johnston v. Suntrust Bank* (*In re Johnston*), 2013 WL 1844751, at **5-6 (Bankr. W.D. Va. April 12, 2013).

The Court observed the demeanor of the three witnesses while they testified. The Court finds the Debtor's testimony particularly credible: she was calm, appeared forthright, and did not exaggerate the positive or negative features of the Property. The

4

Court, therefore, fully credits her testimony about the roof leaks and the ongoing issue with water in the basement–both of which reflect negatively on the Property's value. The Court also finds the testimony of both experts credible and uses portions of both appraisals in reaching its conclusion as to the Property's petition-date (November 6, 2014) value.[3]

The Court has reviewed both appraisals and, rather than restate their contents or the expert testimony, highlights only the factors that most influenced its determination.

First, the appraisals had one common comparable: 16236 Kirkshire. The Court finds this comparable particularly persuasive because it's on the same street as the Property–across the street and only a few doors down.[4] Like the property, it also has two

---

[3] While Chase's attorney appropriately attempted to undermine Kanakis' credibility because she was sanctioned by the real estate board and has also had two complaints, the Court does not believe Kanakis' appraisal was in any way improper, inaccurate, or submitted in bad faith.

[4] There are guidelines to consider when researching comparable homes:

> Comparable sales should have similar physical and legal characteristics when compared to the subject property. These characteristics include, but are not limited to, site, room count, gross living area, style, and condition. This does not mean that the comparable must be identical to the subject property, but it should be competitive and appeal to the same market participants that would also consider purchasing the subject property. Comparables that are significantly different from the subject property may be acceptable; however, the appraiser must describe the differences, consider these factors in the market value, and provide an explanation justifying the use of the comparable(s).
>
> Comparable sales from within the same neighborhood (including subdivision or project) as the subject property should be used when

5

14-05192-mar    Doc 16    Filed 06/10/15    Entered 06/10/15 15:16:49    Page 5 of 8

bedrooms and one bathroom. After adjustments, Debtor's expert, Kanakis, valued the comparable at $105,848.00; Chase's expert, Salvatore, said it was worth $112,500.00.

Second, given that the Court must determine the value of the Property as of November 6, 2014–and neither appraisal gives a value as of that date–the Court also finds Salvatore's first comparable persuasive. The sale for this comparable was November, 2014 and–unlike the other sales Salvatore identified as having occurred within a month or so of the petition date–this comparable also has two bedrooms and one bathroom. It was also closest in proximity to the Property. After adjustments, Salvatore's opinion of this comparable's value was $108,500.00.

Third, the Court finds that the value ($10,000.00) Salvatore added to two of the comparables because–unlike the Property–they do not have basements was too generous: Debtor testified that her basement has quite serious water problems and Kanakis noted a musty smell and evidence of prior water present in the basement. This negatively impacts the basement's value.

Finally, with one exception, all of Salvatore's comparables with adjusted values

---

    possible. Sale activity from within the neighborhood is the best indicator of value for properties in that neighborhood as sales prices of comparable properties from the same location should reflect the same positive and negative location characteristics.

FannieMae Selling Guide, https://www.fanniemae.com/content/guide/selling/b4/1.3/08.html (last visited April 1, 2015).

over $112,500.00 had more bedrooms or bathrooms than the Property.[5]

The Court declines to put an exact value on the Property but finds a fair market value range of between $105,848.00 and $112,500.00 fairly considers both appraisals and Debtor's very credible testimony. *See In re McKinney*, 501 B.R. 338, 340 (Bankr. E.D. Mich. July 26, 2013) ("determining the value of the Property is not something that can be done with any sort of scientific precision or certainty. It necessarily involves some uncertainty").

## V. CONCLUSION

Based on the findings of fact, conclusions of law, and the reasons stated in this opinion, the Court finds the Property is worth between $105,848.00 and $112,500.00. Therefore, Chase's third mortgage is wholly unsecured and may be "stripped" from the Property–First Merit's second mortgage cannot be stripped. No later than June 17, 2015, Debtor's counsel must submit a proposed judgment that is consistent with this opinion.

**IT IS ORDERED.**

.

```
Signed on June 10, 2015
                                        /s/ Mark A. Randon
                                    Mark A. Randon
                                    United States Bankruptcy Judge
```

---

[5]That comparable had an adjusted value of $114,500.00.

8